```
     C8LLGIAP                         Plea

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                                 09 CR 940 (TPG)

5    CONSTANTINE GIANNAKOS,

6                   Defendant.

7    ------------------------------x
                                                  New York, N.Y.
8                                                 August 21, 2012
                                                  4:35 p.m.
9

10
     Before:
11
                        HON. THOMAS P. GRIESA,
12
                                                  District Judge
13

14                              APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     MICHAEL FERRARA
17        Assistant United States Attorney

18   FISCHETTI & MALGIERI
          Attorneys for Defendant
19   BY:  PHYLLIS MALGIERI
          ERIC FRANZ
20
     ALSO PRESENT:  JEFF STEIMEL, Pretrial Services
21                  DARRIN KIBEL, FBI
                    KURT DIRKER, FBI
22

23

24

25
```

1                (Case called)
2                THE COURT:  What's the application, please?
3                MR. FERRARA:  Your Honor, this is just it's a little
4     confusing because this is a superseding information.
5     Mr. Giannakos is here for the first time appearing in any
6     court.  He has not yet been charged before today.
7                The reason it's a superseding information is because
8     Mr. Giannakos is part of a larger case that your Honor is
9     familiar with, U.S. v. Danny Siony.  Mr. Siony was sentenced in
10    this court a few weeks ago for his involvement in a mortgage
11    fraud conspiracy.  I was present for the government on that
12    day.  Mr. Giannakos is now being charged as part of that
13    conspiracy.
14               And so today we are asking the Court, present and
15    arraign the defendant, that is to say, institute a bail
16    package, as well as my understanding is that Mr. Giannakos is
17    prepared to enter a guilty plea today, as well, pursuant to the
18    agreement dated June 27 that is in front of the Court.
19               THE COURT:  You're counsel for --
20               MS. MALGIERI:  That's correct, your Honor.  We joined
21    in.
22               THE COURT:  All right.  Let me be certain about how to
23    pronounce your name.
24               MS. MALGIERI:  Malgieri.
25               THE COURT:  What?

1            MS. MALGIERI:  Malgieri.
2            THE COURT:  Hard G.
3            MR. FRANZ:  Yes.
4            THE COURT:  Can I question your client?
5            MS. MALGIERI:  Yes, your Honor.
6            THE COURT:  All right.  Keep seated.  The microphones
7    don't reach very well.
8            And how do you pronounce your client's name?
9            MS. MALGIERI:  Giannakos.
10           THE COURT:  Giannakos.
11           Mr. Giannakos, how old are you?
12           THE DEFENDANT:  Forty-five, your Honor.
13           THE COURT:  And you're represented here by your
14   attorney, Phyllis Malgieri?
15           THE DEFENDANT:  Yes, your Honor.
16           THE COURT:  And are you satisfied with her
17   representation and her advice?
18           THE DEFENDANT:  Yes, your Honor.
19           THE COURT:  Are you under the influence of any alcohol
20   or narcotics as you appear here?
21           THE DEFENDANT:  No, your Honor.
22           THE COURT:  Have you been subjected to any force or
23   any threats to get you to waive indictment or plead guilty?
24           THE DEFENDANT:  No, your Honor.
25           THE COURT:  I want to deal with the waiver of

1    indictment first.

2             Did you sign a waiver of indictment today?

3             THE DEFENDANT:  Yes, your Honor.

4             THE COURT:  Ms. Malgieri, did you sign the waiver of

5    indictment?

6             MS. MALGIERI:  I did, your Honor.

7             THE COURT:  All right.  And I just want to explain to

8    Mr. Giannakos -- am I saying it right?

9             MR. FRANZ:  Yes, your Honor.

10            THE COURT:  I just want to say that normally a

11   criminal charge starts with an indictment.  That means that a

12   grand jury is presented evidence.  A grand jury hasn't tried

13   the case, but the government has been required, the prosecutor

14   has been required to put on evidence to the grand jury and the

15   grand jury must be satisfied that there's probable cause to

16   believe that the defendant committed the crime that is charged

17   against that defendant.  And then an indictment comes out of

18   the grand jury.

19            The case from now on will not be going on under an

20   indictment.  It will be going on under an information which has

21   not come out of a grand jury; it's simply a document signed by

22   the Department of Justice.

23            Do you understand what I've told you?

24            THE DEFENDANT:  Yes, your Honor.

25            THE COURT:  And are you willing to give up your right

1  to have an indictment and have the case proceed on an
2  information?
3      THE DEFENDANT:  Yes, your Honor.
4      THE COURT:  All right.  I find that the waiver of
5  indictment is voluntary and is understandingly given.
6      Let's come to the guilty plea.
7      Mr. Giannakos, did you sign a plea agreement today?
8      THE DEFENDANT:  Yes, your Honor.
9      THE COURT:  And, Ms. Malgieri, did you sign the plea
10 agreement?
11     MS. MALGIERI:  Yes, your Honor.
12     THE COURT:  And did you go over it thoroughly with
13 your client?
14     MS. MALGIERI:  Yes, sir.
15     THE COURT:  All right.  Now, I know that Ms. Malgieri
16 has gone over the charges thoroughly with you but I'm obliged
17 to summarize them in open court.  And I won't go into detail,
18 but basically you're facing charges that you participated in a
19 scheme to obtain loans, mortgage loans on homes through
20 fraudulent pretenses inflicted on the lending banks, and that's
21 the essence of the charge.
22     Do you understand that?
23     THE DEFENDANT:  Yes, your Honor.
24     THE COURT:  And I'm not going to go into any more
25 detail unless anybody requests it.

1              Now, the plea agreement deals at some length with the

2     question of sentence and I'm not going to -- I would apprise

3     you and state to you that the question of what sentence to

4     impose is up to me to decide as the judge.  I make no decision

5     on that this afternoon and can only make that decision at a

6     future time when I have a full report about you and have a full

7     report about the matters that are covered in the plea

8     agreement.  And, of course, I would need to hear from lawyers

9     and from you, and none of that can be done this afternoon.

10             Do you understand that?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  The only thing that I am obliged to spell

13    out to you is what the statutes provide as to potential

14    sentences.

15             The potential sentence for Count One is a maximum of

16    30 years in prison, maximum supervised release term following

17    prison of five years, a fine of up to $1 million or even more.

18             The potential sentence on Count Two is a maximum of 20

19    years in prison, up to three years' supervised release

20    following any prison, and fine of $250,000 or even more.

21             The potential sentence on Count Three is up to 20

22    years in prison, up to three years' supervised release

23    following prison, a fine of $250,000 or even more.

24             The potential sentence on Count Four is a prison term

25    of up to 30 years, supervised release term of up to five years,

1   a fine of a million dollars or even more.
2           And on each of the four counts, if there's a
3   conviction, there must be $100 special assessment paid on each
4   such count where there's a conviction.
5           In theory, there could be a sentence which would add
6   all those sentences for the individual counts up, but that's
7   pretty much theory.
8           You've understood what I've said, right?
9           THE DEFENDANT:  Yes, your Honor.
10          THE COURT:  Okay.  I'm going to ask you some questions
11  to make sure you understand the rights you're giving up by
12  pleading guilty.
13          Do you understand that you do not need to plead
14  guilty, that you have a right to maintain a not guilty plea and
15  go to trial; do you understand that?
16          THE DEFENDANT:  Yes, I do, your Honor.
17          THE COURT:  And do you understand that at that trial,
18  in order to obtain a conviction on any count, the government
19  would have to prove your guilt to a jury by proof beyond a
20  reasonable doubt; do you understand that?
21          THE DEFENDANT:  Yes, your Honor.
22          THE COURT:  You'd have a right to an attorney at all
23  times and during a trial and on any appeal, and you'd have a
24  right to have the government pay for your attorney at any time
25  you couldn't pay for one yourself.

1              Do you understand that?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  And at that trial which you'd have a right

4     to, your attorney would have a right to cross-examine all the

5     government witnesses and get a court order to bring in any

6     witnesses who might help your case.

7              Do you understand that?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  You yourself would have a right to remain

10    silent at that trial.  You wouldn't have to confess or testify

11    in any way.

12             Do you understand that?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  But if you plead guilty there will be no

15    trial.  You'll be convicted on these four counts according to

16    your own plea and your own admission, and you'll need to tell

17    me in your own words what you did to commit the offenses that

18    are charged here.  And you'll need to make all statements in

19    that regard truthfully or else you will be guilty of a new

20    crime of perjury or false statement.

21             Do you understand that?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Now, if you wish to plead guilty, would

24    you tell me in your own words what you did to commit the

25    offenses that are charged here?

1          THE DEFENDANT:  From at least in or about
2    February 2004 through at least in or about December 2008, I
3    agreed with others to engage in a scheme to defraud lenders of
4    money by preparing and submitting applications and supporting
5    documentation for home mortgage loans that contained materially
6    false or misleading information in order to induce lenders to
7    make loans to persons and at terms that the lenders otherwise
8    would not have funded.
9          That was for Count One, your Honor.
10         For Count Two, around March 2005, I transmitted
11   documents and information via wire communications which
12   contained false information to Argent Mortgage Company for the
13   purpose of procuring a home mortgage for a property located at
14   2205 Light Street in the Bronx.
15         For Count No. 3, around December 2006, I knowingly and
16   willfully transmitted documents and information via wire
17   communications which contained false information to America's
18   Wholesale Lender for the purpose of procuring a home mortgage
19   for a property located at 238 McDonough Street in Brooklyn, New
20   York.
21         For Count Four, your Honor, around April 2008, I
22   knowingly and willfully submitted to Countrywide Bank FSB
23   documents which falsely stated the employment and income of a
24   straw buyer to procure a home mortgage loan for the purchase of
25   a property located at 16 Benedict Drive, Warwick, New York.

1          THE COURT: That sounds to me as if the allocution is
2    sufficient.
3          Does the government agree?
4          MR. FERRARA: Yes, your Honor. We would only add and
5    I believe defense counsel will stipulate that as to Counts One
6    and Four, the lenders were FDIC insured.
7          THE COURT: Does the defense lawyer agree that the
8    allocution is sufficient?
9          MS. MALGIERI: Yes, your Honor.
10         THE COURT: I agree. I accept the plea, find that
11   it's factually based and voluntary.
12         And I believe there's been an agreement that a control
13   date for the sentence is March 22, 2013 -- that's a Friday --
14   at 4:30 in the afternoon.
15         Is there anything else?
16         MR. FERRARA: Your Honor, I just wanted to -- just two
17   parts. One part of the plea agreement that is out of the
18   ordinary, I would add Mr. Giannakos is waiving any right to
19   challenge Counts One and Two -- sorry -- Count Two based on
20   statute of limitations and is waiving a venue defense as to
21   Count Three of the information. And, of course, is agreeing
22   that there are no other promises apart from what is contained
23   in the plea agreement your Honor referenced.
24         The only other matter --
25         THE COURT: Wait a minute. Do you understand what the

1    assistant has said?  Those are matters in the plea agreement.

2              Do you understand that?

3              MS. MALGIERI:  I do, your Honor.

4              THE COURT:  Does your client?

5              THE DEFENDANT:  Yes, your Honor, I do.

6              THE COURT:  All right.

7              MR. FERRARA:  And, finally, the agreement contains

8    forfeiture and restitution language.  Mr. Giannakos understands

9    that he is agreeing to forfeiture and restitution which will be

10   computed later in the proceedings.

11             THE COURT:  Do you understand that?

12             MS. MALGIERI:  Yes, your Honor.

13             THE DEFENDANT:  Yes, your Honor.

14             MR. FERRARA:  Finally, your Honor, the only other

15   thing we have to do since this is a first appearance,

16   Mr. Giannakos has to have certain bail set.  The parties have

17   agreed on a proposed package which would be $100,000 unsecured

18   bond secured by two financially responsible persons, both of

19   whom are in court.

20             The other regular provisions, such as travel limited

21   to the Eastern and Southern Districts of New York.

22   Mr. Giannakos has a passport.  We would ask that he surrender

23   it by --

24             (Pause)

25             MR. FERRARA:  -- a week from today, the passport, your

C8LLGIAP                         Plea

1    Honor, and I believe -- and the other usual conditions.  So
2    we'd just ask your Honor consider that bail package.
3             MR. FRANZ:  Can I have one moment with the assistant,
4    your Honor.
5             (Pause)
6             MR. FERRARA:  Sorry, your Honor.  Defense counsel is
7    mentioning to me that Mr. Giannakos has employment in New
8    Jersey, so there's no objection from the government if his
9    travel includes the District of New Jersey as well.
10            THE COURT:  Defense agree to those bail conditions?
11            MS. MALGIERI:  Yes, your Honor, we do.
12            THE COURT:  The Court approves them.
13            Anything else?
14            MR. FERRARA:  Nothing from the government, your Honor.
15            MR. FRANZ:  Nothing from the defense, your Honor.
16            THE COURT:  Thank you very much.
17            MR. FRANZ:  Thank you.
18            MS. MALGIERI:  Thank you, your Honor.
19                              o0o